FLORIAN BEDNARIK, PLAINTIFF, v. MANUEL METH, DEFENDANT.

Decided May 7, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the rule, *Nicholas S. Schloeder.*

*Contra, Warren Dixon.*

PER CURIAM.

The plaintiff brought suit on a promissory note for $500 made by one Zemanek and endorsed by the defendant, Meth. The note was dated December 1st, 1925, and fell due thirty days from the date thereof. The defendant, Meth, filed an answer to the complaint denying liability, and, the case being at issue, it was regularly set down for trial at the Hudson Circuit on due notice. When the day fixed for the trial arrived the case was called and the trial thereof was moved by counsel for the plaintiff, both the defendant and his attorney being absent from the court. A jury was thereupon empanelled and the case tried *ex parte,* with the result that a verdict was rendered in favor of the plaintiff for the full amount of the note. The defendant now asks to have this verdict set aside because the case was tried in the absence of himself and his attorney. We consider that the mere fact of such absence affords no reason for granting the relief sought. Presumably it was due to the neglect of the de-

fendant's attorney. He attempts to excuse his absence by saying that he was led to believe, from inquiry among lawyers who had other causes in the trial list that his client's case would not be reached on the day that it was called and moved; that relying on the result of his inquiry, he went away from town to attend to other business and was gone for several days, not returning until after the case was tried. His own statement as to the cause of his absence shows that the failure to put in a defense at the trial was due entirely to his neglect of his client's interests. If the defendant had a good defense and his attorney by his neglect deprived him of the opportunity to submit it, he, perhaps, may have a cause of action against his attorney for the loss which he has sustained, but this is not a matter now before us for decision.

The rule to show cause will be discharged.

NOTE—Mr. Schloeder, who argued the rule, was not the attorney in the court below, of whom reference is made in the opinion.